UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SWEARINGEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMAZON PRESERVATION PARTNERS, INC.,<br><br>    Defendant. | Case No. 13-cv-04402-WHO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

## INTRODUCTION

Plaintiffs Mary Swearingen and Robert Figy allege that defendant Amazon Preservation Partners, Inc., d/b/a Zola ACAI ("Zola or "defendant"), uses the term evaporated cane juice on its beverages, instead of sugar, in violation of the California Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA"). Because the plaintiffs have not pleaded that they actually relied on the alleged misrepresentation, a standing requirement under the UCL and the CLRA, I GRANT Zola's motion to dismiss WITHOUT PREJUDICE.

## BACKGROUND

The plaintiffs purchased Zola's Açai with Pomegranate juice. Compl. ¶ 5 [Dkt. No. 1], Exhs. 1-3. They allege that Zola lists Organic Evaporated Cane Juice as an ingredient in Açai with Pomegranate in violation of Food and Drug Administration ("FDA") regulations and California's Sherman Law[1], which require that evaporated cane juice be identified as sugar. They assert that Zola uses the term evaporated cane juice ("ECJ") rather than sugar "to make its products appear healthier than a product that contains 'sugar' as an ingredient." Compl. ¶ 14.

---

[1] The California Sherman Law adopts the federal Food Drug and Cosmetic Act ("FDCA") and its regulations as California law.

The plaintiffs do not contend that they purchased Açai with Pomegranate in reliance on the alleged misrepresentation that ECJ is not sugar, or that they would not have purchased it if they knew that it contained sugar. Rather, they state that they "would not have bought the misbranded food product if Defendant had disclosed the material fact that the misbranded food product was illegal to sell and possess." Compl. ¶ 52. The plaintiffs allege violations of the unlawful prong of UCL,[2] Cal. Bus. & Prof. Code § 17200, and of the CLRA, Cal. Civ. Code § 1750, *et seq.* based on Zola's allegedly illegal use of the term ECJ.

According to the plaintiffs, three other Zola products, which the plaintiffs have not purchased, have the same illegal labels: Açai Original Juice, Açai with Blueberry, and Coconut Water Espresso. Compl. ¶ 15, Exhs 4-6. The plaintiffs seek to represent a class of all persons in the United States who purchased Açai with Pomegranate, Açai Original Juice, Açai with Blueberry, or Coconut Water Espresso from September 23, 2009 to the present. Compl. ¶¶ 4, 53.

Zola has moved to dismiss, arguing that (i) the plaintiffs lack of standing because they do not allege causation or reliance; (ii) the plaintiffs lack standing because they do not allege a cognizable legal injury; (iii) the plaintiffs' claims should be dismissed under the primary jurisdiction doctrine; (iv) the plaintiffs' claims are partially preempted; and (v) the plaintiffs have not pleaded their claims with the requisite particularity.

## DISCUSSION

### I. THE PLAINTIFFS HAVE NOT PLEADED ACTUAL RELIANCE AND THEREFORE LACK STANDING TO BRING THEIR UCL AND CLRA CLAIMS.

**A. The UCL claim**

In *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011), the California Supreme Court held that actual reliance is required under the UCL where a plaintiff alleges misrepresentations on product labels. This actual reliance requirement "applies equally to the 'unlawful' prong of the UCL when . . . the predicate unlawfulness is misrepresentation and deception. *Id*. at 327 n.9.

The plaintiffs attempt to avoid the reach of *Kwikset* by framing their claims as grounded

---

[2] The plaintiffs do not assert claims under the unfair and fraudulent prongs of the Unfair Competition Law.

purely in statutory and regulatory labeling violations rather than in misrepresentations. The plaintiffs assert that

> The unlawful sale of misbranded food products that are illegal to sell or possess—standing alone without any allegations of deception by Defendant other than the implicit misrepresentation that its products are legal to sell or possess, or any review of or reliance on the particular labeling claims by Plaintiffs—gives rise to Plaintiffs' cause of action under the UCL and the CLRA. In short, Defendant's injury causing unlawful conduct is the only necessary element needed for UCL liability. All Plaintiffs need to show is that they bought an unlawful product that they would not have otherwise purchased absent the Defendant's failure to disclose the material fact that the product was unlawful to sell or possess. Therefore, this claim does not sound in fraud; instead, it alleges strict liability pursuant to the above cited provisions of the federal law and Sherman Law.

Compl. ¶ 39.

The plaintiffs appear to make two interrelated arguments—that that reliance is not required because they allege that they purchased an "illegal product" (*see, e.g.*, Opp. at 4) and that they have adequately pleaded reliance, not because they viewed the label for Açai with Pomegranate and purchased it thinking that ECJ was something other than sugar, but because they purchased the product implicitly relying on Zola to sell a product which did not violate labeling laws. *See, e.g.*, Compl. ¶ 66 ("Plaintiffs relied on the legality of the Defendant's products and the labeling and label claims of those products. Plaintiffs would not have purchased Defendant's misbranded food products had they known they were not capable of being legally sold or held.").

Neither argument is persuasive. First, despite the plaintiffs' assertion to the contrary, their claims are grounded in misrepresentation because the statutes and guidance they rely on "prohibit a particular type of consumer deception, the mislabeling of food products." *Figy v. Amy's Kitchen, Inc.*, 13-cv-03816 SI, 2013 WL 6169503, *3 (N.D. Cal. Nov. 25, 2013) (rejecting same argument by plaintiffs' counsel). *Kwikset* itself is instructive. There the California Supreme Court held that the actual reliance requirement applied to the plaintiffs' claim under the unlawful prong of the UCL where the alleged unlawful conduct was based on violations of provisions of the California Business and Professions Code prohibiting labeling products using "Made in USA" or similar words when the product has been entirely or substantially made outside of the United

3

States. The court explained that the actual reliance requirement applied because "these statutory provisions simply codify prohibitions against certain specific types of misrepresentations." *Kwikset*, 51 Cal. 4th at 327 n.9. As in *Kwikset*, the statutes the plaintiffs rely on here prohibit specific types of misrepresentations on product labels—in this case, the listing of an ingredient by a name other than its common or usual name. For example, 21 C.F.R. Section 101.4(a)(l) provides that "[i]ngredients required to be declared on the label or labeling of a food . . . shall be listed by common or usual name." Similarly, 21 C.F.R. Section 102.5 provides that "[t]he common or usual name of a food, which may be a coined term, shall accurately identify or describe, in as simple and direct terms as possible, the basic nature of the food or its characterizing properties or ingredients." Actual reliance therefore applies to the plaintiffs' claims.

The plaintiffs cite my opinions in *Gitson v. Trader Joe's Co.*, 13-cv-01333-WHO, 2013 WL 5513711 (N.D. Cal. Oct. 4, 2013) and *Morgan v. Wallaby Yogurt Co., Inc.*, 13-cv-00296-WHO, 2013 WL 5514563 (N.D. Cal. Oct. 4, 2013) in support of their argument that "reliance is not required for a claim under the UCL for the sale of an illegal product." Opp. at 4. They misconstrue those opinions. The discussion of reliance in *Trader Joe's* related to *reasonable* reliance as an element of a UCL claim; not *actual* reliance as a requirement for standing. *See Trader Joe's*, at *6 n.5 ("the reasonable consumer test does not apply to the plaintiffs' claims under the unlawful prong of the UCL predicated on Sherman Law violations"). *Wallaby* did not discuss standing and the plaintiffs do not explain how that opinion supports their standing argument. It does not.

Second, the plaintiffs' argument that they have adequately pleaded reliance because "they would not have otherwise purchased absent the Defendant's failure to disclose the material fact that the product was unlawful to sell or possess" also fails. As Judge Koh of this Court recently explained in rejecting the same argument by plaintiffs' counsel:

> Plaintiffs' "illegal product" theory would eviscerate the enhanced standing requirements imposed by Proposition 64 and the California Supreme Court's decision in *Kwikset*. As explained in *Kwikset*, the voters enacted Proposition 64 in 2004 as a means of "confin[ing] standing to those actually injured by a defendant's business practices and [ ] curtail[ing] the prior practice of filing suits on behalf of clients who have not used the defendant's product or service, viewed

> the defendant's advertising, or had any other business dealing with the defendant." 51 Cal.4th at 321 (emphasis added) (internal quotation marks omitted). Were the Court to hold that Plaintiffs, who never viewed the No Sugar Added Representations, have standing to bring claims based solely upon allegations that they would not have purchased a product that was misbranded, purchasers who never "viewed the defendant's advertising" or misleading labeling would have standing to sue. Such a holding is inconsistent with Proposition 64 and *Kwikset*.

*Kane v. Chobani, Inc.*, 12-cv-02425-LHK, 2013 WL 5289253, *9 (N.D. Cal. Sept. 19, 2013); *see also Brazil v. Dole Food Co., Inc.*, 12-cv-01831-LHK, 2013 WL 5312418, *8 (N.D. Cal. Sept. 23, 2013) (plaintiffs' "illegal product" theory "fails as a basis for establishing statutory standing under the UCL, FAL, and CLRA.").

As the plaintiffs have not pleaded that they actually relied on the alleged misrepresentations, they lack standing and their UCL claim fails.

### B. The CLRA claim

As with the UCL, "[p]laintiffs must allege reliance on the specific marketing materials claimed to be misleading in order to establish standing to bring claims under the . . . CLRA." *Bronson v. Johnson & Johnson, Inc.*, 12-c-4184 CRB, 2013 WL 5731817 (N.D. Cal. Oct. 22, 2013); *Kane*, 2013 WL 5289253 ("To have standing under the FAL and the CLRA, a plaintiff must allege that she relied on the defendant's alleged misrepresentation and that she suffered economic injury as a result.") (citing *Durell v. Sharp Healthcare,* 183 Cal.App. 4th 1350, 1367 (2010)). The plaintiffs argue that reliance is satisfied in this case because under the CLRA, Zola has "a duty to disclose the illegality of its misbranded products" (Compl. ¶ 52) and Zola's failure to disclose this illegality "results in a presumption of reliance." Opp. at 15.

I am not persuaded. The plaintiffs' complaint alleges that Zola violated the CLRA because "it misrepresents the particular ingredients, characteristics, uses, benefits and quantities" of Açai with Pomegranate. Compl. ¶ 83. But the plaintiffs do not allege that they relied on this alleged misrepresentation. The plaintiffs therefore lack standing to bring their CLRA claim. As Judge Koh recently noted, "[T]he Court has not found any authority to support the counterintuitive proposition that a product's label must disclose the fact of its own illegality." *Brazil*, 2013 WL 5312418, *10.

## II.  OTHER ARGUMENTS RAISED IN ZOLA'S MOTION TO DISMISS

Because the plaintiffs have not pleaded actual reliance, their complaint fails and I need not reach Zola's other arguments.  I note, however, that I have previously addressed many of the issues raised in Zola's motion to dismiss.

Zola's argument that the matter should be stayed under the primary jurisdiction doctrine is contrary to my decisions in *Wallaby*, 2013 WL 5514563, at *4 and *Trader Joe's*, 2013 WL 5513711, at *9.[3]

The plaintiffs allege that they were "misled by Defendant's failure to disclose the material fact that the misbranded food products were illegal to sell and possess." Compl. ¶ 87.  As described in my March 14, 2014 order in *Trader Joe's v. Gitson*, this claim imposes requirements on Zola beyond the requirements of the FDA and is therefore preempted.  *Gitson v. Trader Joe's Co.*, 13-cv-01333-WHO (N.D. Cal. March 14, 2014) (order granting in part motion to dismiss).

My recent order in *Ang v. Bimbo Bakeries USA, Inc.*, 13-cv-01196-WHO (N.D. Cal. March 13, 2014) (order granting in part motion to dismiss), detailed the circumstances in which plaintiffs can state claims under California's consumer protection laws regarding products they have not purchased which are allegedly substantially similar to the products they have purchased.

## CONCLUSION

Zola's motion to dismiss is GRANTED WITHOUT PREJUDICE.  The plaintiffs are granted leave to file an amended complaint.  Any amended complaint shall be filed within 20 days of this order.

**IT IS SO ORDERED**.

Dated: March 18, 2014

_____
WILLIAM H. ORRICK
United States District Judge

---

[3] On March 12, 2014, Zola filed a notice that the FDA intends to reopen the comment period on draft guidance for the industry concerning evaporated cane juice.  Dkt. No. 31.  The FDA requests comments, data, and information about evaporated cane juice, how it is produced, and how it relates to other sweeteners. It remains unclear when or if the FDA will conclusively resolve this issue.  *See* Dkt. No. 31-3 at 3 ("we [the FDA] intend to revise the draft guidance, *if appropriate*") (emphasis added).  Lacking definitive guidance, this case will proceed apace.