UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SWEARINGEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON PRESERVATION PARTNERS, INC.,<br><br>Defendant. | Case No. 13-cv-04402-WHO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR STAY**<br><br>Re: Dkt. No. 41 |

## INTRODUCTION

Plaintiffs Mary Swearingen and Robert Figy allege that defendant Amazon Preservation Partners, Inc., d/b/a Zola ACAI ("Zola"), unlawfully uses the term "evaporated cane juice" on its beverages, instead of sugar. Zola seeks to dismiss the plaintiffs' implied warranty of merchantability claim because plaintiffs have not alleged that the products at issue are not fit for consumption, nor can they plausibly do so. Zola is correct, and that claim DISMISSED WITHOUT LEAVE TO AMEND. Zola also moves to dismiss or stay the entire case pursuant to the primary jurisdiction doctrine because the FDA is actively considering guidance concerning the use of the term "evaporated cane juice" on food labels. It appears that a stay is appropriate to allow the FDA to conclude its review of this issue, and so Zola's motion to stay is GRANTED.[1]

## DISCUSSION

**I.  BREACH OF IMPLIED WARRANTY**

"Unless excluded or modified [ ], a warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Comm.

---

[1] Per Civil Local Rule 7-1(b), I find this matter suitable for disposition without oral argument and I VACATE the hearing currently scheduled for August 13, 2014.

Code § 2314(1). "[L]iability for an implied warranty does not depend upon any specific conduct or promise on [the defendant's] part, but instead turns upon whether the[ ] product is merchantable under the code." *Hauter v. Zogarts,* 534 P.2d 377 (1975). But the Commercial Code does not "impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." *Id.* A plaintiff who claims a breach of the implied warranty of merchantability must show that the product "did not possess even the most basic degree of fitness for ordinary use." *Mocek v. Alfa Leisure, Inc.,* 114 Cal.App. 4th 402, 406 (2003) (citing Cal. Comm. Code § 2314(2)).

Plaintiffs allege that the products at issue violate the implied warranty of merchantability because the products are "illegal, misbranded and economically worthless." FAC ¶¶ 202-03. But the plaintiffs have not alleged that the products lack even the most basic degree of fitness for ordinary use. Their implied warranty claim therefore fails. *See, e.g., Bohac v. Gen. Mills, Inc.*, 12-cv-05280-WHO, 2014 WL 1266848, *10 (N.D. Cal. Mar. 26, 2014) (dismissing implied warranty of merchantability claim where plaintiff did not allege that the accused granola bars "were not edible or contaminated"); *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013) (dismissing implied warranty of merchantability claim where plaintiff did not allege that Hansen's diet soda is not suitable for use as a diet soda).

Plaintiffs' authorities do not provide that a labeling violation alone gives rise to an implied warranty of merchantability claim, where the product does not otherwise lack a basic degree of fitness for ordinary use. *Myers v. Malone & Hyde*, 173 F.2d 291, 292 (8th Cir. 1949), involved tomatoes which contained less than the percentage of drained weight required to be labeled as Standard Grade. Similarly, *Porter v. Craddock*, 84 F. Supp. 704, 706 (W.D. Ky. 1949), involved peach preserves which were inspected by the Food and Drug Administration and deemed to have a "shortage in the net weight of the preserves."

Plaintiffs' claim for breach of the implied warranty of merchantability is DISMISSED WITHOUT LEAVE TO AMEND.

## II.   PRIMARY JURISDICTION DOCTRINE

The primary jurisdiction doctrine "allows courts to stay proceedings or to dismiss a

complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008).

In 2009, the FDA issued draft guidance advising the regulated industry that "evaporated cane juice" is not the common or usual name of any type of sweetener. FAC ¶ 44. The 2009 draft guidance states: "This guidance is being distributed for comment purposes only" and "Draft—Not for Implementation." *See* Draft Guidance for Industry: Ingredients Declared as Evaporated Cane Juice; Draft Guidance (October 2009).[2]

On March 5, 2014, the FDA issued a notice in the Federal Register reopening the comment period for the draft guidance on the use of the term evaporated cane juice. Dkt. No. 42-1. The notice states "[w]e have not reached a final decision on the common or usual name for this ingredient and are reopening the comment period to request further comments, data, and information about the basic nature and characterizing properties of the ingredient sometimes declared as 'evaporated cane juice,' how this ingredient is produced, and how it compares with other sweeteners." *Id*. The comment period closed on May 5, 2014. *Id*. The notice further states that, "[a]fter reviewing the comments received, we intend to revise the draft guidance, if appropriate, and issue it in final form." *Id*.

I find it appropriate to stay this case under the primary jurisdiction doctrine in light of the FDA's March 5, 2014 notice. While I previously indicated that this case would "proceed apace" since the FDA notice did not commit to revising the draft guidance, Dkt. No. 33 at 6 n.3, neither party had briefed the significance of the notice with regard to primary jurisdiction. This case is now five months further along, and given that the comment period ended three months ago, it seems possible that the FDA will issue final guidance this year. A modest stay at this time will not prejudice plaintiffs. Moreover, several of my colleagues in this Court have stayed similar pending food labeling cases regarding the term "evaporated cane juice." *See, e.g., Gitson et al. v. Trader Joe's Co.*, No. 13-cv-01333-VC (N.D. Cal. Aug. 7, 2014) (Order Granting Defendant's

---

[2] Available at
http://www.fda.gov/food/guidanceregulation/guidancedocumentsregulatoryinformation/labelingnutrition/ucm181491.htm

1  Motion to Stay) ("Because the FDA appears to be actively considering the lawfulness of the use of
2  the term 'evaporated cane juice' on food labels, it makes sense to stay the plaintiffs' evaporated
3  cane juice claims to see if the agency does, in fact, issue final guidance on the issue.");
4  *Swearingen v. Santa Cruz Natural Inc.*, 13-cv-04291-SI, 2014 WL 1339775 (N.D. Cal. Apr. 2,
5  2014) ("In light of the March 5, 2014 notice, the Court finds it appropriate to apply the doctrine of
6  primary jurisdiction."), *judgment set aside sub nom.*, 2014 WL 2967585 (N.D. Cal. July 1, 2014);
7  *Figy v. Lifeway Foods, Inc.*, 13-cv-04828-TEH, 2014 WL 1779251 (N.D. Cal. May 5, 2014) ("the
8  Court concludes that the FDA is likely to make a final pronouncement with respect to whether
9  ECJ is the common or usual name for the ingredient at issue, given that the comment period ends
10 May 5, 2014, and that the FDA announced that it intends to finalize its guidance").

11 For the reasons described above, this case is stayed pending further order of the Court.
12 The parties are directed to inform the Court within 20 days of any FDA action on this issue.  The
13 parties are also directed to file an updated Case Management Statement on January 7, 2015—if the
14 case is still stayed at that time, the parties shall describe the status of the FDA's review to the
15 extent it is known.  A case management conference is scheduled for 2 p.m. on January 14, 2015.

## CONCLUSION

Plaintiffs' claim for breach of the implied warranty of merchantability (seventh cause of action) is DISMISSED WITHOUT LEAVE TO AMEND.  Zola's motion to stay is GRANTED so that the FDA has the opportunity to consider issuance of final guidance regarding use of the term "evaporated cane juice."  The parties are directed to inform the Court within 20 days of any FDA action on this issue.  The Court will hold a case management conference on January 14, 2015. The parties shall file an updated Joint Case Management Conference Statement by January 7, 2015.

**IT IS SO ORDERED**.

Dated: August 11, 2014

WILLIAM H. ORRICK
United States District Judge

4