1  PIERCE GORE (CA SBN 128515)
   pgore@prattattorneys.com
2  PRATT & ASSOCIATES
   1871 The Alameda, Suite 425
3  San Jose, California  95126
   Telephone:  408.429.6506
4  Facsimile:  408:369.0752

5  STERLING STARNS (admitted *pro hac vice*)
6  sstarns@barrettlawgroup.com
   DON BARRETT, P.A.
7  404 Court Square North
   P.O. Box 927
8  Lexington, Mississippi  39095
   Telephone: 662.834.2488
9  Facsimile:  662.834.2628

10 Attorneys for Plaintiffs
   MARY SWEARINGEN and
11 ROBERT FIGY

WILLIAM L. STERN (CA SBN 96105)
WStern@mofo.com
CLAUDIA M. VETESI (CA SBN 233485)
CVetesi@mofo.com
LISA A. WONGCHENKO (CA SBN 281782)
LWongchenko@mofo.com
ALEXANDRA EVE S. LAKS (CA SBN 291861)
ALaks@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

Attorneys for Defendant
AMAZON PRESERVATION PARTNERS, INC.
d/b/a ZOLA ACAI

12

13              UNITED STATES DISTRICT COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15              SAN FRANCISCO DIVISION

16

17 MARY SWEARINGEN and ROBERT FIGY,
   individually and on behalf of all others similarly
18 situated,

19              Plaintiffs,

20      v.

21 AMAZON PRESERVATION PARTNERS, INC.
   d/b/a ZOLA ACAI
22
                Defendant.

Case No.    CV13-4402-WHO

**JOINT CASE MANAGEMENT STATEMENT**

CMC:  August 11, 2015
Time:  2:00 p.m.
Judge:  Hon. William H. Orrick
Action Filed:  September 23, 2013

23

24

25

26

27

28

The parties, Mary Swearingen and Robert Figy ("Plaintiffs") and Amazon Preservation Partners, Inc. d/b/a Zola Acai ("Zola" or "Defendant") submit this Joint Case Management Statement pursuant to this Court's April 13, 2015 order (Dkt. 57) and Rules 16 and 26(f) of the Federal Rules of Civil Procedure. The parties have conducted their Rule 26(f) conference and do not agree on an extension of the stay. The positions of Plaintiffs and Defendant are more fully set out below.

**1)     JURISDICTION AND SERVICE**

Defendant was properly served. The parties do not agree that this Court has subject matter jurisdiction.

PLAINTIFFS: Plaintiffs allege that this Court has subject matter jurisdiction over their claims under 28 U.S.C. § 1332(d).

DEFENDANT: Defendant maintains that Plaintiffs lack standing because they are suing over products they did not buy. There are no issues with respect to personal jurisdiction or venue.

**2)     FACTS**

In short, this is a class action brought against Defendant on behalf of a nationwide class of consumers who purchased Defendant's products within the last four years. Plaintiffs allege Defendant's product labels list an unlawful ingredient name, "Evaporated Cane Juice." Defendant denies that any laws were violated and contends that Plaintiffs' claims lack merit.

Plaintiffs filed a Class Action Complaint on September 23, 2013. (Dkt. 1.) Defendant filed a motion to dismiss (Dkt. 14), and the Court granted Defendant's motion to dismiss without prejudice. (Dkt. 33.) Plaintiffs filed a First Amended Complaint ("FAC") (Dkt. No. 35), and Zola filed another motion to dismiss or stay the case. (Dkt. 41.) The Court dismissed Plaintiffs' claim for breach of implied warranty of merchantability without leave to amend, and it granted Zola's motion to stay while FDA considers the issue of whether Evaporated Cane Juice ("ECJ") is a proper ingredient name. (Dkt. 52.) The Court extended the stay in its April 13, 2015 Order. (Dkt. No. 57.) The status of FDA's action is discussed below in Section 20.

**3)     LEGAL ISSUES**

1   Plaintiffs allege the following six causes of action: (i) the "unlawful" prong of California's
2   unfair competition law (Cal. Bus. & Prof. Code § 17200) (UCL), (ii) the "unfair" prong of the
3   UCL, (iii) the "fraudulent" prong of the UCL, (iv) misleading and deceptive advertising under
4   California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et. seq.*) (FAL), (v) untrue
5   advertising under the FAL, and (vi) the Consumer Legal Remedies Act (Cal. Civ. Code § 1750 et
6   seq.) (CLRA).  (Dkt. 35.)

7   **4)   MOTIONS**

8   PLAINTIFFS:  Plaintiffs anticipate filing a motion for class certification and perhaps a
9   motion for summary judgment should discovery show that Plaintiffs are entitled to a judgment as
10  a matter of law.

11  DEFENDANT:  Defendant filed two motions to dismiss (see Section 1), and it intends to
12  file a future motion for summary judgment.  Defendant may also file a motion to stay the
13  litigation pending appeals in the Ninth Circuit in *Jones v. ConAgra Foods, Inc.*, No. C 12-01633
14  CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014) (appeal filed July 15, 2014) and *Brazil v.*
15  *Dole Packaged Foods, LLC*, No. 12-CV-01831-LHK, 2014 WL 6901867 (N.D. Cal. Dec. 8,
16  2014) (appeal filed Dec. 18, 2014)).  Both *Jones* and *Brazil* address key issues relating to class
17  certification that will affect the proceedings in this case.

18  **5)   AMENDMENT OF PLEADINGS**

19  Plaintiffs amended the complaint on April 7, 2014.

20  **6)   EVIDENCE PRESERVATION**

21  Defendant and Plaintiffs have represented that steps have been taken to preserve evidence
22  relevant to this litigation.

23  Plaintiffs have retained relevant documents and evidence in their possession, custody or
24  control.

25  Defendant has distributed document retention notices to appropriate document custodians
26  requiring affirmative steps to retain relevant documents or discoverable evidence in their
27  possession, custody, or control.

28

The parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence.  After the stay is lifted, the parties will meet and confer regarding the scope and nature of electronic discovery in this case as required by and consistent with applicable law and the local rules.  If the parties are unable to reach an understanding on evidence preservation or electronic discovery, the disputed matter will be submitted to the Court for a formal order.

**7)   DISCLOSURES**

If the stay in this case is lifted the parties shall exchange initial within 14 days of the Court's order.  (*See* Section 8, below.)

**8)   DISCOVERY**

Neither party has served any formal discovery.  The parties have reviewed the ESI Guidelines regarding electronically stored information and will meet and confer if the stay is lifted to discuss electronically stored information and will meet and confer should any discovery disputes arise.

**9)   CLASS ACTIONS**

<u>PLAINTIFFS</u>:  Pursuant to Civil L.R. 16-9(b), any party seeking to maintain a case as a class action must include in the case management statement the following additional information:

**1. The Specific Paragraphs of Fed. R. Civ. P. 23 under which the Action is Maintainable as a Class Action:**

Plaintiffs contend that this action is maintainable under Rule 23 paragraphs (a), (b)(2) and (b)(3).

**2. A Description of the Class or Classes in Whose Behalf the Action is Brought:**

Plaintiffs bring this action as a class action pursuant to Federal Rule of Procedure 23(b)(2) and 23(b)(3) on behalf of the following "Class:" All persons in the United States who, within the Class Period (September 23, 2009 to present), purchased one or more of the following ZOLA products:

• Acai with Pomegranate

• Acai Original Juice

1          • Acai with Blueberry

2          • Coconut Water Espresso

3      **3. Facts Showing that Plaintiffs are Entitled to Maintain the Action under Fed. R. Civ. P.**
       **23(a) and (b):**
4

5          The members of the Class are so numerous that joinder of all members is impractical, if

6      not impossible. Plaintiffs are informed and believe that the total number of Class Members is

7      likely to be at least thousands of individuals. Plaintiffs' claims are typical of those of the Class

8      because Plaintiffs, like each member of the Class, have purchased Defendant's acai juice and

9      coconut water products which list "evaporated cane juice" as an ingredient.

10         Plaintiffs are adequate representatives of the Class because Plaintiffs' claims are typical of

11     those of the Class, and Plaintiffs have the same interests in the litigation of this case as the other

12     Class Members.

13         Plaintiffs are committed to vigorous prosecution of this case, and have retained competent

14     counsel, experienced in litigating large, complex class actions. Plaintiffs are not subject to any

15     individual defenses unique from those conceivably applicable to the Class as a whole.  Plaintiffs

16     anticipate no management difficulties in this litigation.

17         A class may be certified and maintained under Federal Rule of Civil Procedure 23(b)(2)

18     because Defendant has acted on grounds generally applicable to the entire Class by selling its acai

19     juice and coconut water products listing "evaporated cane juice" as an ingredient to Plaintiffs and

20     the Class, thereby making appropriate final injunctive or corresponding declaratory relief with

21     respect to the Class as a whole.

22         In addition, a class may also be certified under Federal Rule of Civil Procedure 23(b)(3).

23     Each member of the Class has been damaged and is entitled to recovery as a result of Defendant's

24     common, uniform, and unfair practices of selling its acai juice and coconut water products to

25     Plaintiffs and the Class. There are questions of law and fact common to the Class that

26     predominate over any questions affecting only individual members of the Class, including

27     without limitation, all of the following:

28

a.    Whether Defendant engaged in unlawful business practices by failing to properly label its acai juice and coconut water products sold to consumers;

b.    Whether Defendant unlawfully sold illegal misbranded food products that were illegal to sell or possess;

c.    Whether the Purchased and Class Products were misbranded as a matter of law;

d.    Whether Defendant labeled and distributed food with identical unlawful ECJ labels;

e.    Whether Defendant violated California Bus. & Prof. Code § 17200 *et seq.*, the CLRA and the Sherman Law;

f.    Whether Plaintiffs and the Class are entitled to equitable and injunctive relief; and

g.    Whether Defendant's unlawful practices harmed Plaintiffs and the Class such that they would be entitled to restitution.

**4. A Proposed Date for the Court to Consider whether the Case can be Maintained as a Class Action:**

Upon the lifting of the stay, Plaintiffs will confer with Defendants regarding a class certification schedule.

Plaintiffs propose that the parties agree beforehand to make experts available in designated periods, and otherwise to work cooperatively to facilitate any discovery on an expedited basis.

<u>DEFENDANT</u>:  Defendant believes that setting a class certification schedule is premature at this time given FDA's active consideration of guidance regarding ECJ labeling, as well as the Ninth Circuit appeals pending in *Jones* and *Brazil*.  At the appropriate time to set a schedule, Defendant believes that the briefing schedule on any motion for class certification should reflect the amount of time necessary to conduct expert and factual discovery.  Consequently, any class certification schedule that is set should afford Defendant at least 60 days from the date of the motion to prepare its opposition.

1    **10)    RELATED CASES**

2    <u>PLAINTIFFS</u>:  None.

3    <u>DEFENDANT</u>:  Plaintiffs' Counsel has filed more than 50 similar cases against food

4    manufacturers since 2012.  Two of them are also pending in this Department.  *See Khasin v. R.C.*

5    *Bigelow, Inc.*, No. 3:12-cv-02204-WHO; *Victor R.C. Bigelow, Inc.*, No. 13-cv-02976-WHO.

6    None of these cases have been related to this case or to the others.

7    **11)    RELIEF**

8    Plaintiffs' Complaint seeks the following relief:

9    • An order certifying this case as a class action and appointing Plaintiffs and their

10   counsel to represent the Class;

11   • An order awarding restitution to Plaintiffs and the Class;

12   • An order requiring Defendant to immediately cease and desist from selling its

13   products; enjoining Defendant from continuing to market, advertise, distribute, and

14   sell these products in the allegedly unlawful manner described in the complaint;

15   and ordering Defendant to engage in corrective action;

16   • All equitable remedies available pursuant to Cal. Civ. Code § 1780;

17   • An order awarding attorneys' fees and costs;

18   • An order awarding pre-and post-judgment interest; and

19   • An order providing such further relief as this Court deems proper.

20   Plaintiffs intend to amend the Complaint to seek monetary relief under the CLRA.

21   **12)    SETTLEMENT AND ADR**

22   The parties have agreed to mediation and will proceed after the stay is lifted.  (Dkt. 24.)

23   **13)    CONSENT TO MAGISTRATE JUDGE**

24   On September 25, 2013, Plaintiffs filed a Declination to Proceed Before a Magistrate

25   Judge and Request for Reassignment to a United States District Judge.  (Dkt. 5.)  The case has

26   been assigned to Judge William H. Orrick.

27   The parties do not consent to assignment of the litigation to a U.S. Magistrate Judge for

28   court trial.

**14)     OTHER REFERENCES**

None.

**15)     NARROWING OF ISSUES**

The parties are not aware of any issues that can be narrowed by agreement.

**16)     EXPEDITED TRIAL PROCEDURE**

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

**17)     SCHEDULING**

If the stay is lifted, the parties will meet and confer regarding a proposed schedule.

**18)     TRIAL**

Plaintiffs have requested a jury trial with respect to claims that may be so adjudicated. The parties respectfully submit that it is premature to set trial dates or estimate the length of trial.

**19)     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

<u>PLAINTIFFS</u>:  Besides those previously identified by Defendant, Plaintiffs are unaware of any other persons, firms, partnerships, corporations (including parent corporations) or any other entity as having either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

<u>DEFENDANT</u>:  Defendant filed a Certificate of Interested Parties on November 11, 2013. (Dkt. 13.)  Defendant restates that Emigrant Capital owns 85.7% of its stock.  No public corporation owns ten percent or more of its stock.

**20)     OTHER MATTERS: FDA ACTION ON ECJ**

<u>PLAINTIFFS</u>: Plaintiffs' position is that the stay in this case should be lifted.  On July 8, 2015, the FDA responded to a letter from Judge Chen informing him that the FDA would issue final guidance regarding whether "'evaporated cane juice' (ECJ) is the common or usual name for certain sweeteners . . . ." *See* Letter from Leslie Kux, Associate Commissioner for Policy, Food and Drug Administration, to Honorable Edward M. Chen, United States District Court for the Northern District of California (July 8, 2015) (attached hereto as Exhibit A). Since the FDA has

1  now affirmatively stated that it will only issue final *guidance* not a rule or regulation, this case

2  should proceed.  Guidance documents "do not carry the force of law" and cannot have preemptive

3  effect. *Reid v. Johnson & Johnson,* 780 F.3d 952 (9th Cir. 2015).

4        *Reid* further affirmed the denial of a stay under the primary jurisdiction doctrine of claims

5  under the UCL, FAL, and CLRA for food mislabeling in violation of California law and FDA

6  regulations.  *Id* at 966-67.

7        There is no indication that FDA might change its position—provided by the applicable

8  regulations—that the term "evaporated cane juice" may not be used to identify ingredients that

9  fall under the broad definition of "sucrose" in 21 C.F.R. § 184.1854.  FDA regulations make clear

10  that any such ingredient must be referred to as "sugar."  21 C.F.R. § 101.4(b)(20).

11        Based on FDA's July 8, 2015 letter, it is clear that FDA will *not* be issuing a proposed or

12  final rule or regulation.  Unlike a regulation, whether in draft or final form, "[g]uidance

13  documents do not establish legally enforceable rights or responsibilities.  They do not legally bind

14  the public or FDA."  21 C.F.R. § 10.115(d)(1).  Parties are permitted "to use an approach other

15  than the one set forth in a guidance document . . . [but still] must comply with the relevant

16  statutes and regulations."  21 C.F.R. § 10.115(d)(2).  Therefore, if FDA does issue final guidance,

17  it will not displace the binding requirements of the sucrose regulations.

18        In *Reid*, the Ninth Circuit joined the Third Circuit in "declining to afford preemptive

19  effect to agency actions that do not carry the force of law under [*United States v. Mead Corp*.,

20  533 U.S. 218, 234 (2001)] and its progeny."  780 F.3d at 964.  "Because the Supremacy Clause

21  privileges only '[l]aws of the United States,' an agency pronouncement must have the force and

22  effect of federal law to have preemptive force."  *Id*.  Guidance documents issued under 21 C.F.R.

23  § 10.115, by their own terms and lack of binding effect, do not have the requisite force of law set

24  forth in *Mead* and *Reid*.  *Id* at 965 (under *Mead*, an agency pronouncement must have the

25  "binding and exclusive effect of federal law").  "The fact that the FDA did not invoke [its

26  rulemaking] authority . . . also indicates that the FDA did not intend to issue a standard with the

27  force of law that would foreclose the public protections under state law food labeling and false

28  advertising claims."  *Id*.  Accordingly, no future action, including final guidance, by FDA could

1  render Plaintiffs' claims preempted.  Therefore, there would be no benefit in waiting for FDA to

2  act.

3      *Reid* also affirmed the denial of a stay pursuant to the primary jurisdiction doctrine.

4  Among other things, in *Reid*, although FDA previously stated that it may issue a final rule

5  potentially relevant to plaintiff's claims, such a final rule would not constitute an "issue of first

6  impression" where FDA already issued an interim rule on the subject.  Here, too, there is no issue

7  of first impression.  FDA has promulgated regulations precluding the use of the phrase

8  "evaporated cane juice," as well as draft guidance reiterating its view that food manufacturers

9  may not use this phrase. *See* Draft Guidance for Industry: Ingredients Declared as Evaporated

10  Cane Juice; Availability, 74 Fed. Reg. 51610 (October 7, 2009) ("The intent of this draft guidance

11  is to advise the regulated industry of FDA's view that the term 'evaporated cane juice' is not the

12  common or usual name of any type of sweetener, including dried cane syrup.") (attached as

13  Exhibit B).[1]

14      Moreover, in *Reid*, as in this case, a stay under the primary jurisdiction doctrine was

15  inappropriate where "there is no indication that the FDA is contemplating authorizing" the

16  labeling practice currently prohibited by applicable regulations.  *Reid*, 780 F.3d at 967.  Indeed,

17  FDA's notice reopening of the comment period on March 5, 2014, suggests the exact opposite.

18  *See* Draft Guidance for Industry on Ingredients Declared as Evaporated Cane Juice; Reopening of

19  Comment Period; Request for Comments, Data, and Information, 79 Fed. Reg. 12507 (March 5,

20  2014) (reiterating FDA's consistent "view that the term 'evaporated cane juice' is not the

21  common or usual name of any type of sweetener, including sweeteners derived from cane syrup")

22  (attached as Exhibit C).

23      *Reid* further indicated that the primary jurisdiction doctrine is inapplicable because, as

24  here, "[t]he issue that this case ultimately turns on is whether a reasonable consumer would be

---

[1]      Significantly, the Ninth Circuit noted that any future promulgated rule that alters a present rule "might not govern the preemption analysis for the time period covered by [plaintiff's] action."  *Reid*, 780 F.3d at 966 n.8.  Here, there is not even the possibility of a rule that would alter the present sucrose regulations.  FDA has stated that it will only issue non-binding final guidance that will not displace the current regulations.

1    misled by [defendant's] marketing, which the district courts have reasonably concluded they are

2    competent to address in similar cases." *Reid*, 780 F.3d at 967.   Based on the foregoing, the

3    Ninth Circuit determined that notions of efficiency militated against a stay under the primary

4    jurisdiction doctrine.

5           While in the past stays have been issued and extended in this and in several other cases,

6    there comes a time when it is no longer reasonable to delay the litigation. Plaintiffs would submit

7    we are at that tipping point in this litigation, and the stay in this action should be lifted.[2]

8           <u>DEFENDANT</u>:  Defendant maintains that the Court's stay ("Order")—which the Court

9    first issued on August 11, 2014 (Dkt. No. 52) and extended on January 8, 2015 (Dkt. No. 55) and

10   April 13, 2015 (Dkt. No. 57)—should remain in effect.

11          Here, Plaintiffs' claims that Zola's products are unlawful and misleading are based on

12   FDA's 2009 draft guidance outlining the Department's tentative position that Evaporated Cane

13   Juice ("ECJ") is not a common or usual name for sweeteners.  (*See* FAC ¶ 44.)  On March 5,

14   2014, FDA issued a notice reopening the comment period for its draft ECJ guidance and

15   reconsidering the issue.  (*See* Order, 3:8-9.)  The Court accordingly stayed the matter under the

16   primary jurisdiction doctrine pending FDA's issuance of final guidance.  (*Id.*, 4:18-20.)  On July

17   8, 2015, in response to Judge Chen's request for an update regarding the status of FDA's final

18   guidance in another ECJ action brought by Ms. Swearingen—*Swearingen v. Late July Snacks*

19   *LLC*, No. 13-cv-4324-EMC—FDA issued a letter confirming that it is "actively working on final

20   guidance to address this issue" and that it "anticipates that a final guidance will issue before the

21   end of 2016."  (*Late July Snacks* Dkt. No. 80 (attached as Ex. A).)  FDA has therefore confirmed

22   that it's final guidance is forthcoming.  Per the Court's August 11, 2014 Order, an extension of

23   the stay pending issuance of this guidance is warranted.

24   _____

          [2] Plaintiffs object to Defendant's alternative argument that the stay should be lifted
25   pending the Ninth Circuit's decisions in *Jones v. ConAgra Foods, Inc.*, No. C 12-01633 CRB,
     2014 WL 2702726 (N.D. Cal. June 13, 2014) and *Brazil v. Dole Packaged Foods, LLC*, No. 12-
26   CV-01831-LHK, 2014 WL 6901867 (N.D. Cal. Dec. 8, 2014). This argument goes beyond the
     scope of the stay as layed out in the Court's prior Orders, which were limted to FDA action on the
27   use of "evaporated cane juice." (*See* Dkt. Nos. 52, 55 and 57.)

28

1    Plaintiffs argue to the contrary, stating that, in its July 8 letter, "FDA has **now**

2 affirmatively stated that it will only issue final *guidance*, not a rule or regulation." (emphasis

3 added in bold).  The stay should therefore be lifted, Plaintiffs conclude, and the case should

4 proceed.

5    Plaintiffs are wrong on both the facts and law.  They present no reason to lift the stay.

6    <u>First</u>, there has never been a question that FDA would issue finalized *guidance* regarding

7 ECJ issues.  Indeed, FDA's March 5 notice confirms that, "'[a]fter reviewing the comments

8 received [regarding ECJ], we intend to revise the draft *guidance*, if appropriate, and issue it in

9 final form.'"  (Order, 3:14-16 (quoting March 5, 2014 notice (Dkt. No. 42-1)) (emphasis added).)

10 The Court therefore tethered its stay to FDA's "issuance of final *guidance* regarding the use of

11 the term 'evaporated cane juice.'"  (*Id.*, 4:18-20 (emphasis added).)  FDA's July 8, 2015 notice

12 only confirms what FDA originally set out to do.

13    <u>Second</u>, even if FDA's July 8 letter provided new insight, the doctrine of primary

14 jurisdiction is properly invoked even where an agency plans to issue guidance.  Indeed, numerous

15 courts in this district have stayed ECJ cases in deference to FDA's active consideration of ECJ

16 guidance under this doctrine.  *See, e.g.*, *Figy v. Amy's Kitchen, Inc.*, No. 3:13-cv-03816-SI (N.D.

17 Cal. June 29, 2015), Dkt. No. 84 (continuing stay in effect indefinitely per parties' request); *Reese*

18 *v. Odwalla, Inc.*, No. 13-cv-947-YGR (N.D. Cal. June 23, 2015), Dkt. No. 72 (maintaining stay);

19 *Gitson v. Trader Joe's Co.*, No. 13-cv-01333-VC (N.D. Cal. June 23, 2015), Dkt. No. 117

20 (extending stay over class counsel's objection); *Gitson v. Clover-Stornetta Farms, Inc.*, No. 13-

21 cv-01517-EDL (N.D. Cal. June 16, 2015), Dkt. No. 70 (extending stay entered on June 9, 2014

22 for an additional 180 days); *Leonhart v. Nature's Path Foods Inc.*, No. 13-cv-00492-BLF (N.D.

23 Cal. June 5, 2015), Dkt. No. 82 at 6 (affirming "partial stay of the litigation with respect to ECJ

24 claims" in staying non-ECJ claims pending Ninth Circuit's decisions on class certification issues

25 in *Jones v. ConAgra Foods, Inc.*, No. C 12-01633 CRB, 2014 WL 2702726 (N.D. Cal. June 13,

26 2014) (appeal filed July 15, 2014) and *Brazil v. Dole Packaged Foods, LLC*, Case No. 12-CV-

27

28

1    01831-LHK, 2014 WL 6901867 (N.D. Cal. Dec. 8, 2014) (appeal filed Dec. 18, 2014));[3] *Figy v.*

2    *Lifeway Foods, Inc.*, No. 3:13-cv-4828-TEH (N.D. Cal. Apr. 14, 2015), Dkt. No. 50 (extending

3    stay); *see also Swearingen v. Yucatan Foods, L.P.*, No. 3:13-cv-03544-RS (N.D. Cal. Jan. 30,

4    2015), Dkt. No. 51 (staying action).

5           The Ninth Circuit's recent ruling in *Astiana v. Hain Celestial Group, Inc*., 783 F.3d 753

6    (9th Cir. 2015) confirms that primary jurisdiction is appropriate here.  The *Astiana* court found

7    that where, as here, a case implicates an area within FDA's expertise, "[o]btaining expert advice

8    from [FDA] would help ensure uniformity in administration of the comprehensive regulatory

9    regime established by the FDCA," even if that advice is in the form of guidance.  *Id.* at 761-62.

10   Moreover, "'efficiency' is the 'deciding factor' in whether to invoke primary jurisdiction.'" *Id*. at

11   760 (citation omitted).  There is no question that waiting for FDA's guidance on ECJ labeling will

12   lead to efficiency across the many cases involving ECJ claims.

13          Plaintiffs' reliance on the Ninth Circuit's decision in *Reid v. Johnson & Johnson*, 780

14   F.3d 952 (9th Cir. 2015), does not counsel otherwise.  In *Reid*, the court first found that the

15   plaintiff's "No Trans Fat" mislabeling claims were not preempted by FDA regulations.  *Id.* at

16   966.  It then held that the doctrine of primary jurisdiction did not apply to the plaintiff's claims

17   because: (1) FDA had already addressed "No Trans Fat" issues, issuing an "interim final rule on

18   the books," so the plaintiff failed to present an issue of first impression; *id*.; (2) it had been over a

19   decade since FDA indicated that it would issue a new relevant rule; *id.* at 966-67; and (3) there

20   was no indication that FDA was contemplating authorizing the challenged statements.  *Id.* at 967.

21   The court accordingly affirmed the district court's ruling that primary jurisdiction did not apply.

22   *Id.*

23          *Reid* is distinguishable.  Here, the existing stay is not premised on preemption, so

24   Plaintiffs' reliance on *Reid* to suggest that FDA's final guidance does not preempt their claims

25   ─────────────
          [3] In the alternative, this Court may stay Plaintiffs' claims pending the Ninth Circuit's
26   decisions in *Jones* and *Brazil*.  As noted in this Joint Statement, Plaintiffs intend to move for class
     certification.  Other courts have stayed mislabeling class actions pending the Ninth Circuit's
27   decisions on class certification issues in *Jones* and *Brazil*.  *See, e.g., Pardini v. Unilever U.S.,*
     *Inc.*, No. 13-1675 SC. 2015 WL 1744340 (N.D. Cal. Apr. 15, 2015).

28

1   fails to demonstrate why primary jurisdiction is inappropriate.  And *Reid* is factually inapposite.

2   Unlike *Reid*, here: (1) there is no "final rule" regarding ECJ, but rather a draft guidance that FDA

3   has confirmed it is in the process of finalizing;[4] (2) since issuing its notice in March 2014, FDA

4   has repeatedly confirmed it intends to issue finalized guidance, first in December 2014 and again

5   in July 2015; and (3) FDA's request for "further comments, data, and information about the basic

6   nature and characterizing properties of [ECJ]," (Ex. A), suggests that it is contemplating

7   authorizing the challenged label statement at issue.  All of these factors suggest that—contrary to

8   *Reid* and as this Court has repeatedly confirmed—the primary jurisdiction doctrine applies to

9   Plaintiffs' claims, and that the stay should remain in force until FDA's guidance is complete.

10          Because all of the factors that led the Court to stay this action pending FDA's guidance

11  remain in effect, and because Plaintiffs fail to provide good cause to lift the stay, Defendant

12  respectfully requests that the Court extend the stay of this action and continue the Case

13  Management Conference currently scheduled for August 11, 2015 to January 12, 2016, or as soon

14  as thereafter as may be convenient for the Court.

15  **STATEMENT PURSUANT TO L. R. 16-9(b)**

16          *See* Section 9 (Class Actions), above.

17

18  Dated:   August 4, 2015                    DON BARRETT, P.A.

19                                             By:  /s/ *Sterling Starns*_____
                                               Sterling Starns (admitted *pro hac vice*)
20                                             DON BARRETT, PA
                                               P.O. Box 927
21                                             404 Court Square
                                               Lexington, MS 39095
22                                             Telephone: (662) 834-2488
                                               Fax: (662) 834-2628
23                                             sstarns@barrettlawgroup.com

24  _____

25          [4] Plaintiffs' implications to the contrary are unfounded.  The "applicable regulations"
    Plaintiffs cite to suggest that FDA prohibits use of the term ECJ to refer to certain sweeteners
26  include FDA's definition of "sucrose" under 21 C.F.R. § 184.1854 and its statement that "sugar
    shall refer to sucrose" under 21 C.F.R. § 101.4(b)(20).  Neither of these regulations address the
27  issue here:  whether ECJ is the "common or usual name" for certain sweeteners.  Indeed, FDA
    has confirmed that it is "actively working on a final guidance to address this issue."  (Ex. A.)

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

Attorney for Plaintiffs MARY SWEARINGEN
and ROBERT FIGY

Dated: August 4, 2015

WILLIAM L. STERN
CLAUDIA M. VETESI
LISA A. WONGCHENKO
ALEXANDRA E. LAKS
MORRISON & FOERSTER LLP

By:  /s/ *William L. Stern*
　　　 WILLIAM L. STERN

Attorneys for Defendant
AMAZON PRESERVATION
PARTNERS, INC. d/b/a ZOLA ACAI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ECF ATTESTATION**

I, Sterling Starns, am the ECF User whose ID and password are being used to file the foregoing Joint Case Management Statement.  In compliance with General Order 45, X.B., I hereby attest that William L. Stern has concurred in this filing.

Dated: August 4, 2015

By:  ___/s/ *Sterling Starns*___
     Sterling Starns